IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RUDOLPH AND ME, INC.,<br>A Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Timmy. Woods Beverly Hills, Ltd.<br>A California Limited Liability Company;<br><br>and<br><br>Timmy S. Woods, an individual, d/b/a.,<br>Timmy Woods Beverly Hills, Ltd.,<br><br>Defendants. | JUDGE: Elizabeth Kovachevich<br><br>Case No. 8:09-cv-796-T-17TBM |

## AGREEMENT AND ORDER FOR STIPULATED JUDGMENT OF DISMISSAL

## AGREEMENT

THIS AGREEMENT ("Agreement") is made and entered into this 25th day of July 2009 ("Effective Date") by and between RUDOLPH AND ME, INC., a Florida corporation ("RUDOLPH AND ME" or "Plaintiff") and TIMMY WOODS BEVERLY HILLS, LTD. and TIMMY S. WOODS, a citizen of the United States of America (hereinafter collectively referred to as "Defendants" or "Woods").

WHEREAS, RUDOLPH AND ME has filed a complaint alleging <u>inter alia</u> copyright infringement of RUDOLPH AND ME's federally registered copyright(s) in two of RUDOLPH AND ME's holiday ornaments (hereinafter "Copyrighted Works") in the United States District Court for the Middle District of Florida,

1

Tampa Division, Civil Action No. 8:09-cv-796-T-17TBM (hereinafter "litigation"), by reason of WOOD'S unlicensed manufacture, distribution and/or sale of an ornamental purse design that infringes RUDOLPH AND ME's Copyrighted Works.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. As full and complete settlement of all claims asserted by any of the parties to this Agreement, Defendants will pay Plaintiff the sum of THREE THOUSAND DOLLARS ($3,000.00), plus an annual interest rate of six percent, in accordance with the Payment Terms set forth below. Defendant shall also provide Plaintiff with one sample of the Infringing Product.

2. Defendants will pay the amount of Paragraph 1 in six (6) equal uninterrupted monthly installments of $512.73, consisting of principle and interest, each on the 30th day of each month starting on the 30th day of July 2009, and ending on December 30, 2009. With the exception of the first payment, a payment will be deemed to have been received when it is received at RUDOLPH AND ME's offices at 7205 24th Court East, Sarasota, FL 34243. Any payment that is not received at Rudolph and Me's offices within two (2) business days of the due date such payment

is due will incur a late fee of $50.00 and all unpaid payments will be accelerated and shall become immediately due and payable.

3. The only exception to the payment requirements outlined in paragraph 2 is the first payment which will be forwarded to Plaintiff's undersigned counsel along with the executed Agreement and Order for Stipulated Judgment of Dismissal on or before July 30, 2009.

4. Except as provided in paragraph 12, each party expressly releases the other party, including its present and former officers, directors, shareholders, employees, attorneys, controlling persons and all present and former officers, directors, employees, and attorneys from any and all claims, demands, costs, expenses, liabilities, damages, actions, and causes of action, whether known or unknown, that were alleged or that could have been alleged in the litigation (e.g., by complaint, counterclaim, cross claim or the like).

5. This Agreement shall be governed and construed in accordance with the domestic laws of the State of Florida and the parties agree that venue and jurisdiction is proper in the Middle District of Florida and both parties consent thereto.

6. Each and every covenant and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, independent contractors, joint venturers, servants, parents, subsidiaries, affiliates, employees,

officers, directors, representatives, attorneys, assigns and successors in interest of the parties.

7. This Agreement represents and contains the complete and entire agreement and understanding between the parties hereto and the parties agree that there are no other agreements or understandings between them with respect to this compromise and settlement. If the Court elects not to enter this Order, the terms of this Agreement shall nonetheless remain in full force and effect.

8. This Agreement shall not be varied in its terms by any oral agreement or representation or otherwise except by an instrument in writing of subsequent date hereto executed by all of the parties.

9. The language used in this Agreement shall be deemed to be the language chosen by the parties hereto to express their mutual intent and no rule of strict construction against any party shall apply to any term or condition of this Agreement.

10. Any individual signing this Agreement on behalf of any party represents and warrants that he or she has full authority to do so and has had the benefit of advice counsel or opportunity to consult counsel.

11. The Court may enter an Order dismissing with prejudice all claims for relief asserted in this case by the Plaintiff against the Defendants.

12. If the payments required in the Settlement Agreement are not made in full within two (2) days of each due date, RUDOLPH AND ME, INC., by

its authorized representative, may give an affidavit under oath establishing the fact of nonpayment or late payment. Upon serving notice of default on Timmy Woods by regular mail to the address of record in this case, indicating RUDOLPH AND ME, INC.'s intent to request vacation of the stipulated judgment of dismissal and entry of a money judgment against Timmy Woods in the amount of the unpaid balance of said judgment and all attorney fees incurred by RUDOLPH AND ME, INC.'s to date and any past due payment. Upon the passage of ten (10) days thereafter without Timmy Woods having provided the RUDOLPH AND ME, INC.'s counsel with a legitimate written objection to the request for entry of judgment, the release referred to in Paragraph 4 shall be withdrawn and shall not apply to Defendants and the affidavit may be filed with the Court. The Court shall, without holding a hearing, enter an order directing that the Judgment of Dismissal as to Defendants be vacated and replaced with a money judgment in the amount of the unpaid portion of the obligation stated in paragraph 1, plus interest at the statutory rate of 8% per annum, and all attorney fees incurred by Rudolph and Me, Inc. to date.

## ORDER

Upon the stipulation and consent of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. It is stipulated that this Court has jurisdiction over said Defendants and venue is proper.

2. It has been alleged Defendants have committed copyright infringement and conducted other activities including Federal Copyright Infringement relative to two of Plaintiff's copyrighted works (hereinafter "Infringing Products"), Federal Unfair Competition And False Or Misleading Advertising, Unfair Competition and False and Misleading Advertising Under Florida Common Law, Unjust Enrichment Under Florida Common Law. Defendants do not contest such allegations and hereby voluntarily consent to the injunctive provisions set forth below in view of the Agreement, which is set forth above. The parties are ordered to comply with the terms of that Agreement.

3. Accordingly, Defendants, and their respective officers, agents, servants, employees, and all others in active concert and/or participation with them, and each of them, are hereby perpetually restrained and enjoined from:

    i. infringing each of the Plaintiff's copyrighted works by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of the

Infringing Products or any of Plaintiff's products not authorized by the Plaintiff bearing any simulation, reproduction, copy, or colorable imitation of any of Plaintiff's copyrighted works;

ii. using any simulation, reproduction, copy or colorable imitation of any of Plaintiff's copyrighted works in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of the Infringing Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to the Plaintiff, or to any goods sold, manufactured, sponsored by, approved by, or connected with the Plaintiff;

iii. making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by the Defendants are in any manner associated or connected with the Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by the Plaintiff; and

iv. engaging in any other activity constituting unfair competition with the Plaintiff, or constituting infringement of any of Plaintiff's copyrighted works, or constituting dilution or injury to Plaintiff's business reputation, names, or goodwill.

4. IT IS HEREBY ORDERED that the terms of the above Agreement and stipulation and approved and adopted as the order of the Court as it set forth in full herein. This case and each claim for relief based upon the same factual allegations, except the right of the Plaintiff to seek entry of a money judgment pursuant to the provisions of Paragraph 12 of the foregoing Agreement/Stipulation.

SO ORDERED this 12th day of August, 2009.

_____
Judge
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

As to the Agreement and Stipulated Judgment of Dismissal:

Plaintiff:

RUDOLPH AND ME, INC.

By: _____
Susan Brielmann

Plaintiff's Attorney (as to the Order only):

_____
Matthew R. Jenkins, Esq.
FBN: 570931
Jacox, Meckstroth & Jenkins
1205 Manatee Avenue West
Bradenton, FL 34205
Phone (941) 355-1105
Facsimile (800) 298-7418
Email: law@jmj.biz

Defendants:

TIMMY WOODS-BEVERLY HILLS, LTD.

By: _____
Timmy S. Woods, Pro Se
Date: 7/28/09

TIMMY S. WOODS

_____
Timmy S. Woods, an individual, Pro Se
Date: 7/28/09